**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE COMMONWEALTH SCHOOL, INC. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.16- |
| ) | |
| vs. ) | |
| ) | |
| COMMONWEALTH ACADEMY ) | |
| HOLDINGS LLC a/k/a COMMONWEALTH ) | |
| ACADEMY ) | |
| Defendant. ) | |
| _____ ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND VIOLATION OF THE LANHAM ACT**

Plaintiff, The Commonwealth School, Inc. ("Commonwealth" or "Plaintiff"), by its attorneys, files this Complaint against Defendant Commonwealth Academy Holdings L.L.C. a/k/a Commonwealth Academy ("Academy" or "Defendant"), alleging as follows:

NATURE AND BASIS OF THE ACTION

1. This civil action arises from Defendant's unauthorized use of Plaintiff's registered and common law trademarks in violation of the Lanham Trademark Act 15 U.S.C. § § 1051 et seq. (the "Lanham Act"); and Massachusetts General Laws, Chapter 93A and Chapter 110H § 13.

PARTIES

2. Commonwealth is a Massachusetts corporation with its principal office at 151 Commonwealth Avenue, Boston, Massachusetts 02116. Commonwealth is a secondary education school established in 1958 and it has continuously operated the school in this district since that time.

3. Commonwealth does business under the tradenames: COMMONWEALTH, COMMONWEALTH SCHOOL, THE COMMONWEALTH SCHOOL

4. In conjunction with these tradenames, Commonwealth is the owner of:

(a) United States Trademark Registration No. 4,356,407 for the mark COMMONWEALTH SCHOOL for use in connection with educational services. A true and correct copy of the registration is attached to the Complaint as Exhibit No. 1.

(b) Common law mark for COMMONWEALTH for use in connection with educational services

hereinafter the "COMMONWEALTH Marks."

5. Academy is a corporation with a principal office address at 1 Ames Hill Drive, Springfield, Massachusetts 01105, does business generally in this District and specifically in this District advertises, promotes, sells and provides the same identical services that Commonwealth promotes and provides. Academy originally and intentionally, with actual knowledge of Commonwealth's name, adopted use of the confusingly similar name COMMONWEALTH ACADEMY, incorporated itself under the same confusingly similar name and obtained an internet domain name registration for the confusing similar infringing domain name: www.commonwealth-academy.org.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).

7. This Court has personal jurisdiction over the parties and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and 1400 (b). As stated below, and upon

information and belief, Defendant has conducted and continue to conduct business in this Judicial District, including improper usage of the COMMONWEALTH Marks in this Judicial District, and have engaged in the complained of activities in this Judicial District.

BACKGROUND OF THE ACTION

8. Since at least about 1958 to the present, Commonwealth is and has been engaged in Educational Services as set forth in the aforesaid registrations to children of high school age. During this entire period, Commonwealth has continuously and extensively used its COMMONWEALTH Marks both in word and logo format in connection with the sale, advertising, promotion and provision of its aforesaid services.

9. At one or more times during this same period of time from 1958 to the present, Commonwealth has continuously, consistently and at great expense used the COMMONWEALTH Marks in advertising and promotional materials, on letterhead, display banners posted at fairs, on flyers and brochures, on tags and labels applied to goods, in magazine advertisements and on Commonwealth's website.

10. At one or more times during this same period of time from 1958 to the present, Commonwealth has invested hundreds of thousands of dollars in the design, development, advertising, promotion and use in interstate commerce of the COMMONWEALTH Marks to identify itself generally as a source of high quality, new and innovative high school educational services (the "COMMONWEALTH brand services"). Commonwealth annually realizes substantial revenues from the sale and provision of its COMMONWEALTH brand services. The success of COMMONWEALTH brand services has steadily increased from year to year. Commonwealth has been named #1 in Best Private Schools (Boston Magazine) twice over the last

several years in recognition of its achievements in delivering the best available educational environment and curriculum.

11. COMMONWEALTH brand services have achieved and will continue to achieve wide renown among the middle and high school aged population and in the educational services community generally. The COMMONWEALTH Marks have been used in interstate commerce on and for the purpose of identifying, among other things, Commonwealth as the source of such services and the unparalleled education and quality of services that Commonwealth provides.

12. As a result of the foregoing, the COMMONWEALTH marks are famous and the COMMONWEALTH Marks have developed and now possess secondary and distinctive meaning to the general consuming public and users of Commonwealth brand services.

DEFENDANTS' UNLAWFUL CONDUCT

13. On information and belief, Academy has adopted and is using the name/designations COMMONWEALTH alone or in conjunction with other words in promotion and/or advertising of identical or nearly identical services that compete directly with Commonwealth services in the identical customer base or market to which Academy's services are advertised, promoted, sold or provided. On information and belief, Academy is presently using the COMMONWEALTH marks on and in connection with promotional events, in verbal answering of their listed business phones, on letterhead and in print advertising, on school basketball uniforms and in other manners that are causing actual confusion.

14. On information and belief, Academy has no intention of discontinuing the use of its confusingly similar name COMMONWEALTH ACADEMY or COMMONWEALTH and intends to continue, if not expand, its use of the name COMMONWEALTH and COMMONWEALTH ACADEMY.

15. On information and belief, Academy has received misdirected communications and inquiries from prospective customers of Commonwealth's services who have been confused into believing that Academy or its services are or originate with Commonwealth.

16. Prior to adopting and using the term COMMONWEALTH and COMMONWEALTH ACADEMY, the Defendant had actual knowledge of the COMMONWEALTH Marks and Commonwealth's prior usage of said marks.

17. The aforesaid acts by Academy are causing and are likely to continue causing the purchasing public to believe that Academy is/are Commonwealth or is/are somehow connected or affiliated with Commonwealth, or that Academy's services are authorized, sponsored or approved by Commonwealth such that Academy's services are subject to the same high quality standards as Commonwealth's services despite the fact that this is not true.

18. The aforesaid unlawful and willful adoption and use of the COMMONWEALTH Marks by Academy constitutes an infringement of Commonwealth's marks and a false designation of the source of origin of Academy's services and falsely describes and represents such services. The use, publication and promotion by the Academy of the COMMONWEALTH Marks and constitutes an attempt to palm off and appropriate to Academy, Commonwealth's exclusive rights in the COMMONWEALTH Marks. Such acts will cause dilution of the COMMONWEALTH Marks.

19. Upon information and belief, the Academy has and will continue to engage in such unauthorized activities in this State and elsewhere in interstate commerce and is likely to continue such activities, to the great injury of Commonwealth.

20. Commonwealth has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CAUSE OF ACTION

(Registered Trademark Infringement 15 U.S.C Sec. 1114(a))

21. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-20 above.

22. Defendant's aforesaid conduct constitutes willful infringement of Plaintiff's COMMONWEALTH Marks in violation of 15 U.S.C. 1114(a). Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until defendant is enjoined from continuing to engage in its unlawful conduct.

## SECOND CAUSE OF ACTION

(Violation of the Lanham Act, 15 U.S.C Sec. 1125(a))

23. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-22 above.

24. Defendant's aforesaid conduct constitutes willful infringement of Plaintiff's COMMONWEALTH Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

## THIRD CAUSE OF ACTION

(Common Law Trade Mark Infringement and Unfair Competition)

25. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-24 above.

26. Defendant's aforesaid conduct constitutes a willful infringement of Plaintiff's common law trademark rights in the COMMONWEALTH Marks and a violation of the Federal and State Common Law of Unfair Competition. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of

$2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

## FOURTH CAUSE OF ACTION

(Trademark Dilution under M.G.L. Ch. 110H § 13)

27.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1-26 above.

28.     Defendant's aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's COMMONWEALTH Marks. Such dilution constitutes a violation of M.G.L.A. Ch. 110H Section 13, which provides injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

## FIFTH CAUSE OF ACTION

(Trademark Dilution under the common law)

29.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1-28 above.

30.     Defendant's aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's COMMONWEALTH Marks. Such dilution constitutes a violation of the common law of the United States and of the Commonwealth of Massachusetts.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

SIXTH CAUSE OF ACTION

(Unfair and Deceptive Trade Practices, M.G.L. Chapter 93A)

31. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-30 above.

32. Defendant's aforesaid unlawful conduct is and has been committed primarily and substantially within the Commonwealth of Massachusetts. Defendant is a person within the scope of Sections 2, 9 and 11 of M.G.L. Chapter 93A. Defendant's aforesaid unlawful conduct constitutes a willful unfair and deceptive trade practice in violation of M.G.L. Chapter 93A, Sections 2, 9 and 11. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against defendant and all those in active concert and privity with defendant, as follows:

1. That defendant and all those in active concert and privity with defendant (individually and collectively), their partners, agents, servants, employees, officers, attorneys, successors and assigns, be temporarily and preliminarily enjoined in this and all other judicial districts in the United States, during the course of this litigation and permanently from:

      (a)    providing, advertising, publishing, promoting, offering for sale or holding for sale any product or service in association or connection with the COMMONWEALTH Marks or any colorable variation or imitation thereof;

      (b)    representing to any member of the public that any service or product that is advertised, sold  distributed, leased, rented, repaired, managed or held for sale by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

    2.    That this Court enter a preliminary and permanent injunction incorporating the terms of the Proposed order of Preliminary Injunction accompanying Plaintiff's Motion for Preliminary Injunction that includes, among other things, an order that orders the defendant to discontinue use of the COMMONWEALTH Marks or Registered Mark in any manner including use in print or digital media, on school uniforms, in the course of business conduct either verbally or as a representation of defendant's organization's name or identity, in the course of verbally answering the telephone or otherwise in communications with the public, as a domain name, on the display or content of any website and/or in metatags or metadata of any accessible website or other internet accessible data.

    3.    That this Court order the Defendant to deliver up to the Court and/or to Plaintiff all written, electronic data and printed materials bearing the COMMONWEALTH Marks or any colorable imitation or variation thereof for destruction.

    4.    That Defendant pay to Plaintiff damages in an amount to be determined and a doubling and/or trebling thereof.

5. That Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems just and proper.

6. That Defendant be adjudged to have infringed Plaintiff's Commonwealth Marks in Violation of 15 U.S.C. § 1125(a), 15 U.S.C. § 1114(a), M.G.L.A. Ch. 110H § 13, and M.G.L. Ch. 93A.

Dated: April 20, 2016

Respectfully submitted,
THE COMMONWEALTH SCHOOL, INC.
By Its Attorneys

/s/ M. Lawrence Oliverio\_\_\_\_
M. Lawrence Oliverio, BBO #378755
Polsinelli P.C.
Suite 2101, 100 Cambridge Street
Boston, MA  02114
Tel: 617-367-4600, Fax: 617-367-4656
loliverio@polsinelli.com
Counsel for Plaintiff

# Exhibit 1



# United States of America
## United States Patent and Trademark Office

# COMMONWEALTH SCHOOL

**Reg. No. 4,356,407**
**Registered June 25, 2013**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

THE COMMONWEALTH SCHOOL, INC. (MASSACHUSETTS CORPORATION)
151 COMMONWEALTH AVENUE
BOSTON, MA 02116

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING COURSES NECESSARY FOR OBTAINING A CERTIFIED HIGH SCHOOL DEGREE FROM AN ACCREDITED OR CERTIFIED HIGH SCHOOL, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 9-30-1958; IN COMMERCE 12-31-1959.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SCHOOL", APART FROM THE MARK AS SHOWN.

SER. NO. 85-588,554, FILED 4-4-2012.

BRENDAN REGAN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
> DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.