# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE COMMONWEALTH SCHOOL, INC., | Judge Indira Talwani |
| Plaintiff, | |
| v. | CIV. A. NO. 16-CV-10749-IT |
| COMMONWEALTH ACADEMY HOLDINGS LLC a/k/a COMMONWEALTH ACADEMY, | ECF CASE |
| Defendant. | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Commonwealth Academy Holdings LLC, wrongly identified as a/k/a Commonwealth Academy ("Defendant"), by its attorneys, for its answer and affirmative defenses to the complaint, states as follows:

1. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

2. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph, which are therefore denied.

3. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph, which are therefore denied.

4. Admitted that there is a United States Registration No. 4,356,407 for the mark "COMMONWEALTH SCHOOL." Defendant further states there is no federal trademark registration for the claimed mark "COMMONWEALTH." As well, Defendant states there is a United States Registration No. 4,917,990 for the mark "COMMONWEALTH ACADEMY" not registered to plaintiff. The remaining allegations in this paragraph are denied.

5. Admitted that Defendant is a Massachusetts limited liability company with its principal place of business at 1 Ames Hill Drive, Springfield, Massachusetts 01105, and does business in this District. The remaining allegations are denied.

6. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

7. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

8. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph, which are therefore denied.

9. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph, which are therefore denied.

10. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph, which are therefore denied.

11. The allegations in the first sentence in this paragraph are denied. Defendant lacks knowledge sufficient to admit or deny the allegations in the second sentence in this paragraph, which are therefore denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant incorporates by reference Paragraphs 1 through 20 as if stated fully herein.

22. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

23. Defendant incorporates by reference Paragraphs 1 through 22 as if stated fully herein.

24. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

25. Defendant incorporates by reference Paragraphs 1 through 24 as if stated fully herein.

26. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

27. Defendant incorporates by reference Paragraphs 1 through 26 as if stated fully herein.

28. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

29. Defendant incorporates by reference Paragraphs 1 through 28 as if stated fully herein.

30. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

31. Defendant incorporates by reference Paragraphs 1 through 30 as if stated fully herein.

32. The allegations in this paragraph call for a legal conclusion to which no response is required, but to the extent a response is required the allegations are denied.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## Second Affirmative Defense

Plaintiff's common law trademark claims are preempted.

## Third Affirmative Defense

Plaintiff, by and through this action, is attempting to unlawfully expand the legitimate scope of any trademark it owns in the name "COMMONWEALTH SCHOOL." Such activities are trademark abuse, thereby rendering any and all asserted trademarks unenforceable.

## Fourth Affirmative Defense

Plaintiff's claims should be reduced, in whole or in part, for its failure to mitigate its damages, and/or for its own negligence.

## Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence, laches, waiver, implied consent and/or estoppel.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of recoupment and/or setoff.

## Seventh Affirmative Defense

Any use in whole or part of Plaintiff's trademarks is good faith, non-trademark, descriptive or functional use.

**Eighth Affirmative Defense**

Plaintiff's trademark infringement claims are barred by the safe harbor provisions of the Digital Millennium Copyright Act.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because they are wholly insubstantial, frivolous and not advanced in good faith, and defendant is entitled to costs and attorneys' fees.

**Tenth Affirmative Defense**

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

## COUNTERCLAIMS

Commonwealth Academy Holdings LLC, wrongly identified as a/k/a Commonwealth Academy, to the extent alleged and found to be the proper party to represent the interests of Project 13, Inc. d/b/a Commonwealth Academy (the proper party in this action), by its attorneys, for its counterclaims against counterclaim defendant, The Commonwealth School, Inc., states as follows:[1]

## INTRODUCTION

1. The Commonwealth School is an elite private school for the wealthy in the Back Bay of Boston, who has engaged in a knowingly false and malicious campaign under claims of a "trademark" on the single word "commonwealth" in "educational services" to unfairly suppress

---

[1] Commonwealth Academy Holdings LLC believes that the proper course is for the parties to stipulate to a substitution or amend the pleadings to reflect that Project 13, Inc. is the proper party defendant and counterclaim plaintiff in this action. Absent an agreement, Project 13, Inc. anticipates filing a motion under Rule 24 of the Federal Rules of Civil Procedure to intervene and assert claims against The Commonwealth School, Inc. The counterclaims are pled in the alternative to the extent that Plaintiff seeks to assert its claims against the wrong party and thus hold Commonwealth Academy Holdings LLC responsible as if it were Project 13, Inc., thus entitling it to assert the rights that Project 13 may have against The Commonwealth School, Inc.

rival institutions, in particular Commonwealth Academy. Commonwealth School has repeatedly bullied, harassed and abused legal process in its efforts to damage the rising success and media coverage of Commonwealth Academy, a school for underprivileged and mostly racial minority, inner-city children in Springfield. Commonwealth School has used their team of lawyers to facilitate a series of unlawful misrepresentations, pressure tactics and threats to force Commonwealth Academy to abandon the lawful use of its name and trademark under threats of financially crippling litigation.

2. Commonwealth Academy has offered to change its school colors, name font and include "of Springfield" in its name, as well as other accommodations, in an effort to work with Commonwealth School and its demands. Commonwealth School, however has flatly refused, opting instead to make good on its threats of financially crippling litigation to advance its unreasonable claim that no other educational services provider can use the word "commonwealth" in its name.

3. Commonwealth School's unfounded and malicious misconduct not only violates federal law, under 17 U.S.C. § 512(f), but also the law of the Commonwealth of Massachusetts, under M.G.L. ch. 93A, §11 and the common law.

4. By this action, Commonwealth Academy seeks to bring to an end the threats, harassment and unlawful abuse of legal process that Commonwealth School has embraced as a means of suppressing rival educational services, and to recoup the damages, costs and attorneys' fees that Commonwealth School has willfully inflicted in violation of the law.

**PARTIES**

5. Commonwealth Academy Holdings LLC, wrongly identified as a/k/a Commonwealth Academy LLC, is a Massachusetts limited liability company with its principal place of business

at 1 Ames Hill Drive, Springfield, Massachusetts 01105.  Commonwealth Academy Holdings LLC is not the proper party defendant in this action, as it merely owns and leases the property on which Project 13, Inc. d/b/a Commonwealth Academy operates.   For purposes of this action, in which Commonwealth Academy Holdings LLC has been wrongly identified as Commonwealth Academy, and until a substitution, Commonwealth Academy Holdings LLC will assert the rights in the alternative of the proper party defendant for whom it has been alleged responsible ("Commonwealth Academy" or "Counterclaim Plaintiff").

6. Upon information and belief, The Commonwealth School, Inc. ("Commonwealth School" or "Counterclaim Defendant") is a Massachusetts corporation with its principal place of business at 151 Commonwealth Avenue, Boston, Massachusetts 02116.

## JURISDICTION AND VENUE

7. Counterclaim Plaintiff brings this action pursuant to 15 U.S.C. § 512(f), 28 U.S.C. § 2201 and M.G.L., ch. 93A, § 11 and the common law of the Commonwealth of Massachusetts.

8. This Court has federal question subject matter and supplemental jurisdiction over the counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

9. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b)(2), (c)(2) and § 1400(a), insofar as a substantial part of the events and/or omissions giving rise to this action occurred within this District and Counterclaim Defendant resides in this District.

## FACTS

10. Commonwealth Academy is an independent co-educational day and boarding school located in Springfield, Massachusetts, which is fully accredited by the New England Association of Schools and Colleges ("NEASC").  It predominantly serves inner-city racial minorities,

7

operating on the core belief "that money should not be a barrier to a student who wants access to a high-quality education."

11. The Commonwealth School is a private day school in the Back Bay area of Boston, whose 2015-2016 student tuition was $38,342 (more than the average American earns in a year).

12. The distance between the two schools is 89.6 miles, according to Google.com Maps. According to the United States Department of Transportation, 2009 National Household Travel Survey, the average person travels 6.3 miles to school.

13. Commonwealth Academy was founded in 2011.

14. During the four years since it was founded, Commonwealth Academy has operated its day and boarding school in Springfield, and Commonwealth School was not even "aware of Commonwealth Academy's existence until October of last year," 2015, according to its Headmaster, William D. Wharton.

15. Commonwealth Academy has never encountered any instance of any confusion between the schools.

16. To the contrary, as Commonwealth Academy's basketball program and its students achieved increasing media attention and offers from national universities, Commonwealth Academy significantly distinguished itself from Commonwealth School, whose athletic program is mostly centered on "soccer, fencing, cross-country, [and] ultimate Frisbee," with a basketball program that, upon information and belief, has never received any significant media coverage.

17. Nevertheless, beginning in October 2015, Commonwealth School began a willful and malicious campaign of trademark misuse, claiming through their team of lawyers that its registered federal trademark "COMMONWEALTH SCHOOL" entitled it to exclusive use of the word "COMMONWEALTH" for "educational services," to the exclusion of not only

8

Commonwealth Academy in Springfield, but apparently equally Commonwealth Academy located in Alexandria, Virginia, who has a registered federal trademark for the name "COMMONWEALTH ACADEMY," United States Trademark Registration No. 4,917,990.

18. Commonwealth School engaged in a series threats, harassment and knowingly false misrepresentations in order to coerce Commonwealth Academy to change its name.

19. For instance, in a letter dated October 20, 2105, to Commonwealth Academy's hosting and registration service provider, GoDaddy Operating Company LLC ("GoDaddy"), Commonwealth School claimed that they had rights to the exclusive use of the word "COMMONWEALTH" and that Commonwealth Academy had engaged in "clear and unequivocal willful infringement" and an "intent to trade on our client's premier reputation," "provid[ing] the exact same type of services, in the exact same geographical area." These malicious allegations were knowingly false.

20. Commonwealth School made willful and malicious threats to GoDaddy to "prosecute suit against you to a full and final judgment whether by way of motion for default, motion for summary judgment or by way of a full hearing and/or trial on the merits" and that if GoDaddy did not acquiesce to their unreasonable demands, "there will be no settlement short of your reimbursing our client for its attorneys' fees and costs incurred in having to prosecute litigation against you."

21. As a consequence, Commonwealth Academy was forced to remove or have removed legitimate non-infringing trademark content from its website, and indeed, change the name of its website URL.

22. Commonwealth School continued, however, engaging in a systematic campaign to discredit the name and integrity of Commonwealth Academy with repeated communications to

the public, including in online social media. As another example, in an email dated February 19, 2016, from Commonwealth School's Headmaster, William D. Wharton, to William Bennett of the New England Association of Schools and Colleges, Wharton falsely claimed that Commonwealth Academy's name had been changed to Communitas Academy and that Commonwealth Academy had engaged in "infringement on Commonwealth School's trademark."

23. Commonwealth School's actions were intentionally designed to disrupt the media and attention received by Commonwealth Academy and to substantially disparage and destroy its reputation and business relationships.

24. Through their team of lawyers, Commonwealth School also sent knowingly false cease and desist threats, falsely claiming to have a trademark in the word "Commonwealth" and claiming that any use of the word "Commonwealth" in "educational services" was infringement of their trademark. Indeed, in a letter dated March 2, 2016, Commonwealth School claimed "infringement" based upon:

- Use of the word "Commonwealth" to describe your school online, in print, and in oral communication
- Use of "Commonwealth" on athletic uniforms
- Use of the URL commonwealth-academy.org
- Use of "Commonwealth" in social media, including Facebook, Twitter, YouTube, and Instagram

25. Commonwealth School's threats, harassment and misconduct culminated in the filing of this malicious and baseless action on April 21, 2016.

# CAUSES OF ACTION
## COUNT I – MISREPRESENTATION
## IN VIOLATION OF 17 U.S.C. § 512(F)

26. Commonwealth Academy incorporates by reference Paragraphs 1 through 24 as if stated fully herein.

27. Under 17 U.S.C. § 512(f):

> Any person who knowingly materially misrepresents under this section — (1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification,
>
> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

28. Commonwealth School engaged in a knowing violation of 17 U.S.C. § 512(f), knowingly making several material misrepresentations in a letter dated October 20, 2105, to Commonwealth Academy's hosting and registration service provider, GoDaddy Operating Company LLC ("GoDaddy"), that Commonwealth Academy had rights to the exclusive use of the word "COMMONWEALTH" and that Commonwealth Academy had engaged in "clear and unequivocal willful infringement" and an "intent to trade on our client's premier reputation," "provid[ing] the exact same type of services, in the exact same geographical area."

29. Commonwealth School made willful and malicious threats to GoDaddy to "prosecute suit against you to a full and final judgment whether by way of motion for default, motion for summary judgment or by way of a full hearing and/or trial on the merits" and that if GoDaddy did not acquiesce to its demands, "there will be no settlement short of your reimbursing our client for its attorneys' fees and costs incurred in having to prosecute litigation against you."

30. As a consequence, Commonwealth Academy was forced to remove legitimate non-infringing trademark content or have such content removed from its website and change its website URL.

31. As a direct and proximate cause of Counterclaim Defendant's misconduct, Counterclaim Plaintiff suffered significant injury and damages.

**COUNT II – UNFAIR AND DECEPTIVE TRADE PRACTICES
IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A**

32. Commonwealth Academy incorporates by reference Paragraphs 1 through 30 as if stated fully herein.

33. M.G.L. ch. 93A, § 2 states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

34. Commonwealth Academy, at all times relevant to this action, engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts. At all times relevant to this action, Commonwealth School engaged in the conduct of trade or commerce within the Commonwealth, specifically in the provision of educational services.

35. Commonwealth School engaged in the use or employment of unfair and deceptive acts and practices in violation of M.G.L. ch. 93A, § 2.

36. Commonwealth School's actions were knowing and willful.

37. Specifically, and among the actions described in the paragraphs above, Commonwealth School engaged in a systematic campaign to discredit the name and integrity of Commonwealth Academy with repeated communications to the public, including in online social media, and in particular to the New England Association of Schools and Colleges, with knowingly false claims that Commonwealth Academy's name had been changed to Communitas Academy and that Commonwealth Academy had engaged in "infringement on Commonwealth School's

trademark." Commonwealth School's actions were intentionally designed to disrupt the media and attention received by Commonwealth Academy and to substantially disparage and destroy its reputation and business relationships.

38. Commonwealth School's conduct violates M.G.L. ch. 93A, § 11.

39. As a direct and proximate cause of Counterclaim Defendant's misconduct, Counterclaim Plaintiff suffered significant injury and damages.

## COUNT III – DEFAMATION (LIBEL PER SE)

40. Commonwealth Academy incorporates by reference Paragraphs 1 through 38 as if stated fully herein.

41. Commonwealth School made knowingly false and defamatory statements published to third parties that Commonwealth Academy had engaged in trademark infringement. Indeed, in an email dated February 19, 2016, William D. Wharton, Headmaster of Commonwealth School, stated to William Bennett of the New England Association of Schools and Colleges that "Commonwealth Academy … is an infringement on Commonwealth School's trademark" and that "[t]he NEASC accreditation and publication in the press of 'Commonwealth Academy's' accreditation is, to us, deeply disappointing and is clearly an infringement on our established trademark."

42. Commonwealth School's misconduct is libel per se.

43. As a direct and proximate cause of Counterclaim Defendant's misconduct, Counterclaim Plaintiff suffered significant harm and damages.

**COUNT IV – DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

44. Commonwealth Academy incorporates by reference Paragraphs 1 through 42 as if stated fully herein.

45. Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

46. There exists an actual, substantial and continuing controversy between the parties regarding the existence of a common law trademark on the word "COMMONWEALTH" alleged by Commonwealth School, and whether Commonwealth Academy's name or common law trademark infringes, dilutes or otherwise creates any likelihood of confusion or other actionable trademark claim.

47. A judicial determination is necessary and appropriate and would resolve the controversy in this action in full.

48. Commonwealth Academy is entitled to a declaratory judgment that Commonwealth School does not have any federal or state, statutory or common law trademark in the word "COMMONWEALTH" and that the name "Commonwealth Academy" does not infringe upon, dilute or create any likelihood of confusion between the "COMMONWEALTH SCHOOL" federal trademark.

**WHEREFORE**, Counterclaim Plaintiff prays that the Court enter a judgment:

(a) declaring that The Commonwealth School, Inc. does not have any federal or state, statutory or common law trademark on the word "COMMONWEALTH;"

(b) declaring that name "Commonwealth Academy" does not infringe upon, dilute or create any likelihood of confusion between the "COMMONWEALTH SCHOOL" federal trademark;

(c) awarding damages, including compensatory and punitive damages, to Counterclaim Plaintiff in an amount to be determined at trial;

(d) awarding Counterclaim Plaintiff its costs and any reasonable attorneys' fees under 15 U.S.C. § 1117(a); and

(e) granting Counterclaim Plaintiff such further and other relief as the Court may deem just and appropriate under the circumstances.

## JURY DEMAND

Counterclaim Plaintiff demands a trial by jury on all issues so triable.

Dated: Chicago, Illinois
June 15, 2016

Respectfully submitted,

RAY LEGAL CONSULTING GROUP, P.C.

By:/s/ John H. Ray, III
John H. Ray, III (BBO #664184)

Ray Legal Consulting Group, P.C.
4800 South Saint Lawrence Avenue, #1N
Chicago, Illinois 60615
(617) 645-3000 (312) 940-5831 (fax)
jray@raylegalconsulting.com

*Attorneys for Defendant*

<b><u>CERTIFICATE OF SERVICE</u></b>

       I, John H. Ray, III, hereby certify that on June 15, 2016, a true and correct copy of the foregoing document was timely served electronically through this Court's CM/ECF system on all parties of record.

                                                  /s/ John H. Ray, III
                                                  John H. Ray, III (BBO # 664184)